UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICHARD N. BELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:15-cv-01423-JMS-DML |
| | ) |
| KG AMERICAN REAL ESTATE HOLDINGS, LLC, | ) |
| | ) |
| Defendant. | ) |

Report and Recommendation on Plaintiff's Motion for Default Judgment

The District Judge referred the plaintiff's motion for default judgment (Dkt. 11) to this Magistrate Judge for a report and recommendation. The undersigned held an evidentiary hearing on the motion on June 29, 2016. *See* Fed. R. Civ. P. 55(b)(2) (permitting the court to conduct a hearing when a determination of the amount of damages is necessary before entering a default judgment). Plaintiff Richard N. Bell appeared in person. Defendant KG American Real Estate Holdings, LLC ("KG Real Estate") did not appear at the hearing, has never appeared in the litigation, and has not indicated to the court any intent to defend Mr. Bell's complaint against it.

**I.   The defendant's liability under the Copyright Act was established by default.**

This is a copyright infringement case. Because an entry of default was made against KG Real Estate, the allegations of Mr. Bell's complaint relating to liability are taken as true, though he is required to prove his entitlement to relief. *See In re*

*Catt,* 368 F.3d 789, 793 (7th Cir. 2004) (after entry of default, plaintiff must still establish his entitlement to relief and introduce evidence of damages; a complaint's allegations of damages are not deemed to be true); *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.,* 722 F.2d 1319, 1323 (7th Cir. 1983) (internal citation and quotation omitted) ("Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true.")

Mr. Bell's complaint alleges he is the owner of a copyright in a photograph he took of the Indianapolis skyline. Complaint, Dkt. 1, ¶ 1. The photograph (hereafter, the "Indianapolis Photo") was registered with the United States Copyright Office on August 4, 2011, and is assigned Registration Number VA0001785115. *Id.* A copy of the registration was admitted at the hearing as Exhibit C.[1] The complaint alleges that sometime in 2015, KG Real Estate began using the Indianapolis Photo on its business website, richliferealestate.com, as part of marketing its real estate services in Indianapolis. Mr. Bell never authorized KG Real Estate to use the Indianapolis Photo and KG Real Estate never paid a license fee to use the Photo. *Id.*, ¶¶ 12-19.

KG Real Estate thus infringed Mr. Bell's federal copyright in the Indianapolis Photo, in violation of Mr. Bell's rights under 17 U.S.C. § 106 (copyright owner has exclusive rights to do and to authorize the reproduction, distribution, and display of his copyrighted work). *See* complaint, Dkt. 1, ¶¶14-19. The complaint also alleges

---

[1]   Also admitted were Exhibit A (copy of the Photo), B (list of sales of the Photo), and D (catalog of available photos and prices).

the infringement was willful because KG Real Estate knew it did not own the Indianapolis Photo and knew it had not obtained the rights to publish the Indianapolis Photo.  *Id.*, ¶ 18.

## II. Mr. Bell seeks remedies under the Copyright Act.

In his motion for default judgment, Mr. Bell asked for the following forms of relief:  (a) statutory damages, (b) attorneys' fees, (c) declaratory relief, and (d) an injunction.  At the hearing, Mr. Bell withdrew his requests for an injunction (because KG Real Estate had removed the Indianapolis Photo from its website) and for attorneys' fees (although Mr. Bell is an attorney, he is representing himself).[2]

With respect to declaratory relief, Mr. Bell clarified at the hearing that he seeks declarations that he is the lawful owner of the copyright in the Indianapolis Photo and that KG Real Estate has no rights in or to the Photo.  But KG Real Estate never contested Mr. Bell's allegation of his ownership of the copyright and never contested Mr. Bell's allegation that KG Real Estate had and has no rights in the Photo.  Indeed, these matters are deemed admitted by KG Real Estate as a result of the entry of default.  The court should decline to exercise its power under the Declaratory Judgment Act, 28 U.S.C. § 2201, because these issues are not contested in this case.  *See Bell v. Taylor,* 2016 WL 3568139 at *9 (7th Cir. July 1, 2016) (quoting *MedImmune, Inc. v. Genentech, Inc.,* 549 U.S. 118, 127 (2007)) (court

---

[2]  When the court asked Mr. Bell whether attorneys' fees were awardable under the Copyright Act when he is representing himself, Mr. Bell withdrew his request for an award of fees.

3

should decline to enter declaratory judgment where there is "no actual controversy of 'sufficient immediacy and reality to warrant'" its issuance).

Mr. Bell is entitled to statutory damages. A copyright owner can elect to recover statutory damages instead of actual damages.[3] 17 U.S.C. § 504(c). The Act provides for an award of statutory damages for all infringements by a person with respect to a single work in the range of a minimum of $750 to a maximum of $30,000 "as the court considers just" (§ 504(c)(1)), except that (i) the minimum amount decreases to $200 if the infringer proves it was not aware of and had no reason to believe that its acts constituted copyright infringement and (ii) the maximum amount increases to $150,000 if the copyright owner proves the infringement was committed willfully. 17 U.S.C. § 504(c)(2). KG Real Estate did not appear at the hearing, and there is no evidence to support decreasing the minimum level of statutory damages. Mr. Bell asserts that KG Real Estate should be deemed to have acted willfully, and he seeks the maximum statutory damages award of $150,000. Mr. Bell's request for the maximum award is not justified by the evidence he offered—not even close.

Willfulness under the Copyright Act is established by evidence that the "infringer knows that its conduct is an infringement or if the infringer has acted in reckless disregard of the copyright owner's right." *Wildlife Exp. Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 511 (7th Cir. 1994) (internal quotation omitted). A

---

[3] Mr. Bell is seeking statutory damages, unlike in *Bell v. Taylor,* 2016 WL 3568139 at *9 (7th Cir. July 1, 2016), where he sought but did not prove actual damages.

court may consider whether the defendant ignored notices from the plaintiff about his copyright or otherwise had some indication that his actions infringed another's rights but recklessly ignored the consequences of his actions. *Id.* at 512. "The most persuasive evidence of willfulness" is evidence that the infringer continued his acts of infringement after he received actual notice of the plaintiff's copyright. *Id.*

Mr. Bell's complaint minimally alleges sufficient facts to fall within the definition of willfulness, but Mr. Bell did not offer additional evidence at the hearing to suggest KG Real Estate's actions were particularly egregious. Mr. Bell stated he had had several conversations with KG Real Estate and KG Real Estate removed the Photo from its website, but the parties were not able to agree on a resolution of the lawsuit. Mr. Bell stated KG Real Estate had said things that led Mr. Bell to believe KG Real Estate knew it should not have used the Photo on its website, but Mr. Bell did not describe what KG Real Estate had said. Instead, Mr. Bell asserted generally that everyone should know that unless he specifically has paid for a license or obtained permission from an owner, no photograph can be used on a website without that use constituting willful copyright infringement. The court is not willing to accept such a generalized view of willfulness that is not based on the specific circumstances surrounding a particular infringement. For example, there is no evidence here whether KG Real Estate even created the website or played any role in selecting the Photo for use on its website; it may have hired others to build the website and populate its content. There is no evidence about how long the Photo appeared on the defendant's business website. There is no

evidence that KG Real Estate refused to delete the Photo after it was sued and talked to Mr. Bell.  Indeed, a reasonable inference is the opposite—that KG Real Estate removed the Photo when it learned about Mr. Bell's copyright.

The court determines that the damages award here should be sufficient to, as Mr. Bell put it, "send a message" about the importance of an artist's rights in his creative works and to deter the stealing of an artist's work.  Mr. Bell, through a third party company, has for years offered to license the Photo (and other photographs he has taken) for $200.[4]  The court's award should be a relatively large multiple of the fee the defendant could have paid to legally use Mr. Bell's Photo.  Infringers will not be deterred if the copyright owner's suit results in a price for unlawful behavior that is still minor in comparison to the price of lawful behavior.  The court also notes that in 2014, Mr. Bell was awarded statutory damages on default judgments in a string of copyright infringement cases involving the Indianapolis Photo or another photo he took of the Indianapolis skyline.  In these cases, Judge Pratt routinely awarded $2,500 in statutory damages.  *E.g., Bell v. American Auto Transport,* 2014 WL 2745757 (S.D. Ind. June 17, 2014); *Bell v. Homeroute,* 2014 WL 2745557 (S.D. Ind. June 17, 2014); *Bell v. Infored Media, LLC,* 2014 WL 2745690 (S.D. Ind. June 17, 2014); *Bell v. DiamondIndyLimo.com,* 2014 WL 2747578 (S.D. Ind. June 17, 2014); *Bell v. Celebrity Entertainment Corp.,* 2014 WL 2876698 (S.D. Ind. June 17, 2014).

---

[4]     Exhibit B shows that Mr. Bell has sold copies of his Photo for $200.

In deciding on a just amount of statutory damages, the court has considered: (a) the lack of evidence of egregious circumstances surrounding KG Real Estate's use of the Photo on its website, (b) KG Real Estate's removal of the Photo after it was sued and learned of Mr. Bell's copyright, (c) the $200 license fee, (d) the need to deter infringement, and (e) awards to Mr. Bell of $2,500 in statutory damages in similar cases (an amount that was half the amount Mr. Bell had asked for in the cases). The latter factor suggests that Mr. Bell already has been paid, or can seek collection of, a relatively large amount of money because of unauthorized uses of his Photo. Under all of these circumstances, the court determines that a just amount of statutory damages in this case is $2,000. The court recommends that the District Judge award $2,000 to Mr. Bell in statutory damages.

Mr. Bell is also entitled to recover his costs. He incurred the $400 filing fee and $17.50 in fees for service of process. These costs should be awarded.

## Conclusion

The Magistrate Judge recommends that the District Judge enter a default judgment in favor of plaintiff Richard N. Bell and against defendant KG American Real Estate Holdings, LLC in the amount of **$2,417.50**, consisting of $2,000 in statutory damages and $417.50 in costs.

Any objections to this report and recommendation must be filed in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). The failure to file objections within 14 days after service will constitute a waiver of subsequent review absent a

showing of good cause for that failure.  The parties should not anticipate any extension of this deadline or any other related briefing deadlines.

The Clerk is directed to mail a copy of this order to the defendant at the address listed below.

IT IS SO RECOMMENDED.

Dated: July 22, 2016

*[signature]*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record by email through the court's ECF system

Via United States mail:
Jared Garfield, Registered Agent
KG AMERICAN REAL ESTATE HOLDINGS, LLC
11340 Lakefield Drive
Johns Creek, GA  30097