UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICHARD N. BELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   No. 1:15-cv-01423-JMS-DML |
| | ) |
| KG AMERICAN REAL ESTATE | ) |
| HOLDINGS, LLC Defaulted 2/4/2016, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Presently pending before the Court is Plaintiff Richard N. Bell's Objection, [Filing No. 18], to the Magistrate Judge's Report and Recommendation, [Filing No. 17], on Mr. Bell's Motion for Default Judgment against Defendant KG American Real Estate Holdings, LLC ("KG Real Estate"), [Filing No. 11].[1]  For the reasons set forth herein, the Court overrules Mr. Bell's Objection, [Filing No. 18], and adopts the Magistrate Judge's Report and Recommendation in full, [Filing No. 17].

**I.**
**STANDARD OF REVIEW**

A district judge may designate a magistrate judge "to conduct hearings, including evidentiary hearings, and to submit . . . proposed findings of fact and recommendations for the disposition." 28 U.S.C. § 636(b)(1)(B); *see also* Fed. R. Civ. Pro 72(b)(1).  Any party may file an objection to a magistrate judge's recommended disposition within 14 days.  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. Pro. 72(b)(2).

---

[1] Mr. Bell is an attorney who is representing himself in this litigation.  [Filing No. 17 at 3.]

Orders granting default judgment are dispositive. *See, e.g.*, *United States ex rel. Abner v. Jewish Hosp. Health Care Servs., Inc.*, 2010 WL 723409, *2 (S.D. Ind. 2010) (reviewing *de novo* a magistrate judge's recommendation regarding a motion for default judgment, since it "constitutes a dispositive matter"). If a timely objection is made, the Court must conduct a *de novo* review and "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. Pro. 72(b)(3). While the Court is required to make "a *de novo* determination . . . a *de novo* hearing is not required." *Pinkston v. Madry*, 440 F.3d 879, 893 (7th Cir. 2006) (citing *United Stated v. Raddatz*, 447 U.S. 667, 674 (1980)); *see also Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995) ("But this *de novo* determination is not the same as a *de novo* hearing. The district court is not required to conduct another hearing to review the magistrate judge's findings or credibility determinations."). Instead, if the Court is satisfied with the magistrate judge's findings and recommendations, even with regard to credibility determinations, "it may in its discretion treat those findings and recommendations as its own." *Goffman*, 59 F.3d at 671; *see also* 28 U.S.C. § 636(b)(1) (the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge").

## II.
### BACKGROUND

On September 9, 2015, Mr. Bell filed a Complaint against KG Real Estate in this Court, alleging claims for copyright infringement and unfair competition with regard to a photograph he took of the downtown Indianapolis skyline (the "Photo"). [Filing No. 1.] KG Real Estate never answered Mr. Bell's Complaint or otherwise defended itself in this litigation, and Clerk's Entry of Default was entered against it on February 4, 2016. [Filing No. 10.]

On April 11, 2016, Mr. Bell filed a Motion for Default Judgment, requesting "at least $150,000 in statutory damages plus $1,417.50 in attorney's fees and costs" in his favor. [Filing No. 11; Filing No. 12 at 1.] Mr. Bell also asked for declaratory and injunctive relief against KG Real Estate. [Filing No. 11 at 2.] The Court referred that motion to the assigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B). [Filing No. 13.]

The Magistrate Judge held an evidentiary hearing on Mr. Bell's Motion for Default Judgment on June 29, 2016. [Filing No. 16.] Mr. Bell appeared in person, presented evidence, and made arguments. [Filing No. 16.] KG Real Estate failed to appear, despite Mr. Bell serving it with notice of the hearing as ordered by the Magistrate Judge. [Filing No. 14; Filing No. 15; Filing No. 16.] At the hearing, Mr. Bell withdrew his request for an injunction because KG Real Estate had removed the Photo from its website, and he also withdrew his request for attorney's fees because he is representing himself. [Filing No. 17 at 3.] Mr. Bell maintained his request for declaratory relief, seeking a declaration that he is the lawful owner of the copyright of the Photo and that KG Real Estate has no rights to the Photo. [Filing No. 17 at 3.] The Magistrate Judge took the matter under advisement. [Filing No. 16.]

On July 22, 2016, the Magistrate Judge issued her Report and Recommendation. [Filing No. 17.] She found that KG Real Estate's liability for violating federal copyright law was established by the entry of default based on the factual allegations in Mr. Bell's Complaint.[2]

---

[2] By having default entered against it, KG Real Estate has admitted the factual allegations of Mr. Bell's Complaint. *See VLM Food Trading Int'l, Inc. v. Illinois Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016) ("The basic effect of an entry of default (step one) is that upon default, the well-pleaded allegations of a complaint relating to liability are taken as true.") (citation omitted). That said, while KG Real Estate's liability is established, "the entry of default does not of itself determine rights," *id.*, and KG Real Estate has not admitted any damages allegations, *see In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004) ("[T]he allegations in the complaint with respect to the amount of the damages are not deemed true. The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.").

[Filing No. 17 at 1-3.] Specifically, Mr. Bell is the owner of the copyright of the Photo and it was registered with the United States Copyright Office in August 2011. [Filing No. 17 at 2.] Sometime in 2015, KG Real Estate began using the Photo on its business website to market its real estate services in Indianapolis. [Filing No. 17 at 2.] Mr. Bell never authorized KG Real Estate to use the Photo and KG Real Estate never paid a licensing fee to use the Photo. [Filing No. 17 at 2.]

The Magistrate Judge recommended that the Court decline to exercise its power under the Declaratory Judgment Act to issue declaratory relief because KG Real Estate has never claimed any rights to the photo and, by defaulting, has admitted Mr. Bell's allegations regarding his ownership. [Filing No. 17 at 3-4 (citing *Bell v. Taylor*, 827 F.3d 699 (7th Cir. 2016)).] As for the amount of statutory damages to which Mr. Bell is entitled, the Magistrate Judge found that his "request for the maximum award [of $150,000] is not justified by the evidence he offered—not even close." [Filing No. 17 at 4.] The Magistrate Judge found that Mr. Bell's Complaint "minimally alleges sufficient facts to fall within the definition of willfulness, but Mr. Bell did not offer additional evidence at the hearing to suggest KG Real Estate's actions were particularly egregious." [Filing No. 17 at 5.] To support that conclusion, the Magistrate Judge found as follows:

> Mr. Bell stated he had had several conversations with KG Real Estate and KG Real Estate removed the Photo from its website, but the parties were not able to agree on a resolution of the lawsuit. Mr. Bell stated KG Real Estate had said things that led Mr. Bell to believe KG Real Estate knew it should not have used the Photo on its website, but Mr. Bell did not describe what KG Real Estate had said. Instead, Mr. Bell asserted generally that everyone should know that unless he specifically has paid for a license or obtained permission from an owner, no photograph can be used on a website without that use constituting willful copyright infringement. The court is not willing to accept such a generalized view of willfulness that is not based on the specific circumstances surrounding a particular infringement. For example, there is no evidence here whether KG Real Estate even created the website or played any role in selecting the Photo for use on its website; it may have hired others to build the website and populate its content. There is no evidence about how long the Photo appeared on the defendant's business website. There is no

evidence that KG Real Estate refused to delete the Photo after it was sued and talked to Mr. Bell. Indeed, a reasonable inference is the opposite—that KG Real Estate removed the Photo when it learned about Mr. Bell's copyright.

[Filing No. 17 at 5-6.]

In determining the appropriate amount of statutory damages, the Magistrate Judge selected an amount that would "send a message about the importance of an artist's rights in his creative works and to deter the stealing of an artist's work." [Filing No. 17 at 6.] The Magistrate Judge noted that Mr. Bell, through a third-party company, has for years offered to license the Photo for $200. [Filing No. 17 at 6.] She cited other district court decisions where Mr. Bell was awarded $2,500 in statutory damages after obtaining default judgment in a copyright infringement cases. [Filing No. 17 at 6 (citing five cases).] In deciding the proper amount of statutory damages, the Magistrate Judge considered:

> (a) the lack of evidence of egregious circumstances surrounding KG Real Estate's use of the Photo on its website, (b) KG Real Estate's removal of the Photo after it was sued and learned of Mr. Bell's copyright, (c) the $200 license fee, (d) the need to deter infringement, and (e) awards to Mr. Bell of $2,500 in statutory damages in similar cases (an amount that was half the amount Mr. Bell had asked for in the cases.). The latter factor suggests that Mr. Bell already has been paid, or can seek collection of, a relatively large amount of money because of unauthorized uses of his Photo. Under all of these circumstances, the court determines that a just amount of statutory damages in this case is $2,000. The court recommends that the District Judge award $2,000 to Mr. Bell in statutory damages. Mr. Bell is also entitled to recover his costs. He incurred the $400 filing fee and $17.50 in fees for service of process. These costs should be awarded.

[Filing No. 17 at 7.]

On August 4, 2016, Mr. Bell filed an Objection to the Magistrate Judge's Report and Recommendation. [Filing No. 18.] KG Real Estate has not filed a response, and the Court will now consider Mr. Bell's objection.

## III.
### DISCUSSION

Mr. Bell "respectfully disagrees with two conclusions of law" from the Magistrate Judge's Report and Recommendation. [Filing No. 18 at 1.] First, he challenges the conclusion that his Complaint "minimally alleges sufficient facts to fall within the definition of willfulness, but Mr. Bell did not offer additional evidence at the hearing to suggest KG Real Estate's actions were particularly egregious." [Filing No. 18 at 1.] Second, Mr. Bell challenges the Magistrate Judge's recommendation to award $2,000 to Mr. Bell in statutory damages. [Filing No. 18 at 1.] The Court will set forth the applicable law and then address Mr. Bell's arguments.[3]

The Copyright Act provides that a plaintiff can receive an award of statutory damages "in a sum not less than $750 or more than $30,000" for each infringement. 17 U.S.C. § 504(c)(1). If the copyright infringement is willful, "the court in its discretion may increase the award of statutory damages to an award of not more than $150,000." 17 U.S.C. § 504(c)(2). The Court has "almost unfettered discretion in setting its statutory damages award within the prescribed range." *Broad. Music, Inc. v. Star Amusements, Inc.*, 44 F.3d 485, 487 (7th Cir. 1995) (copyright infringement case).

"[A] finding of willfulness is justified if the infringer knows that its conduct is an infringement or if the infringer has acted in reckless disregard of the copyright owner's right." *Wildlife Exp. Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 511 (7th Cir. 1994) (citation omitted). Various circumstances may be considered to determine willfulness, including "evidence that the

---

[3] Mr. Bell does not challenge the Magistrate Judge's finding that the Court should decline to exercise its power under the Declaratory Judgment Act because KG Real Estate has never claimed any rights to the photo and by defaulting has admitted Mr. Bell's allegations regarding his ownership. [Filing No. 17 at 3-4 (citing *Bell*, 827 F.3d at 699).] Thus, the Court adopts that recommendation and will not further address Mr. Bell's request for declaratory relief.

defendant ignored the plaintiff's notices about copyright protection, did not seek advice of an attorney, and passed the matter off as a nuisance." *Id.* at 512. "Evidence that notice had been accorded to the alleged infringer before the specific acts found to have constituted infringement occurred is perhaps the most persuasive evidence of willfulness." *Id.*

In support of his argument that the Magistrate Judge did not sufficiently consider the evidence he provided of KG Real Estate's willfulness, Mr. Bell emphasizes his factual allegations that KG Real Estate downloaded the Photo from the Internet and included it on its website; that KG Real Estate failed to designate the source of the Photo; that KG Real Estate's website asserted that it owned the copyrights of all content, images, and photos; that KG Real Estate knew that it did not own the Photo; and that KG Real Estate did not pay anything to use the Photo. [Filing No. 18 at 4.] For these reasons, Mr. Bell asks the Court to grant his objection and award him $20,000 for KG Real Estate's willful infringement. [Filing No. 18 at 7.]

The Court agrees with Mr. Bell that his factual allegations and evidence show that KG Real Estate's copyright infringement of the photo was willful. In fact, the Magistrate Judge's Report and Recommendation did not find otherwise. [Filing No. 17.] The Magistrate Judge found that Mr. Bell's Complaint had alleged sufficient facts to fall within the definition of willfulness—albeit minimally—but then she emphasized that he did not offer additional evidence at the hearing to show that KG Real Estate's actions "were particularly egregious." [Filing No. 17 at 5.] The Court agrees with that conclusion, given that it is undisputed that KG Real Estate removed the infringing Photo from its website and there is no specific evidence that it had notice before putting the photo on its website that it was infringing. Mr. Bell did not describe what KG Real Estate said in their conversations that led him to conclude that its behavior was willful, and the Court agrees with the Magistrate Judge that it was appropriate to reject Mr. Bell's general conclusion that "everyone

7

should know that unless he specifically has paid for a license or obtained permission from an owner, no photograph can be used on a website without the use constituting willful copyright infringement." [Filing No. 17 at 5.] While this may be true for an attorney such as Mr. Bell who frequently pursues copyright infringement cases, the Court agrees with the Magistrate Judge's decision to reject such a generalized view of willfulness without additional evidence. [Filing No. 17 at 5.]

As for the propriety of the amount of statutory damages that the Magistrate Judge recommends the Court award to Mr. Bell, the Court agrees that $2,000 is the proper amount. It is undisputed that KG Real Estate's website used only one of Mr. Bell's photos and that for years Mr. Bell has offered to license the Photo for $200. [Filing No. 17 at 6.] It is also undisputed that KG Real Estate has removed the Photo from its website, and there is no evidence that it had notice before the infringement that what it was doing violated the law. A statutory award of $2,000 is ten times more than it would have cost KG Real Estate to lawfully use the photo on its website. The Court finds this amount to be appropriate under the circumstances presented herein and to be sufficient to deter similar conduct. To the extent that Mr. Bell relies on a Seventh Circuit Court of Appeals case that "warned about the negative impact of small judgments," that comment was made in the context of an attorney fee award and is inapplicable to this case because Mr. Bell is successfully representing himself. [Filing No. 18 at 6 (citing *Gonzales v. Transfer Tech., Inc.*, 301 F.3d 608 (7th Cir. 2002) (stating in the context of an attorney's fee award that "[n]o one can prosecute a copyright suit for $3,000).]

Given the allegations in Mr. Bell's Complaint and the Magistrate Judge's summary of the evidence presented at the default judgment hearing, the Court is satisfied with the Magistrate Judge's findings and recommendations and the propriety of her recommendation for a $2,000

statutory award and $417.50 in costs. Accordingly, the Court overrules Mr. Bell's objection and treats the Magistrate Judge's findings and recommendations as its own. *See* 28 U.S.C. § 636(b)(1) (the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge").

## IV.
### CONCLUSION

For the reasons set forth herein, the Court **OVERRULES** Mr. Bell's Objection, [Filing No. 18], and **ADOPTS** the Magistrate Judge's Report and Recommendation in full, [Filing No. 17], such that Mr. Bell is awarded **$2,000 in statutory damages** and **$417.50 in costs**. The Clerk is directed to terminate Mr. Bell's Objection, [Filing No. 18], and his Motion for Default Judgment, [Filing No. 11], on the Court's docket. Default judgment in favor of Mr. Bell and against KG Real Estate will issue accordingly.

9/16/2016

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via US Mail:**

Jared Garfield, Registered Agent
KG AMERICAN REAL ESTATE HOLDINGS, LLC
11340 Lakefield Drive
Johns Creek, GA 30097

**Distribution via CM/ECF:**

Richard N. Bell
BELL LAW FIRM
richbell@comcast.net